VK

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 04-80153-CIV-COHN/SNOW**

**SECURITIES AND EXCHANGE COMMISSION,** )
)
**Plaintiff,** )
)
**v.** )
)
**DARREN SILVERMAN and MATTHEW** )
**BRENNER,** )
)
**Defendants.** )
)
)

**CONSENT OF DEFENDANT DARREN SILVERMAN TO JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF**

1. Defendant Darren Silverman ("Defendant") hereby admits the jurisdiction of this Court over him and over the subject matter of this action.

2. Defendant states that he has entered into this Consent voluntarily, after consulting with his undersigned counsel, and that no promise, threat, or inducement of any kind, except as stated herein or as stated in the attached proposed Judgment of Permanent Injunction and Other Relief ("Judgment") has been made by the plaintiff Securities and Exchange Commission ("Commission" or "SEC"), or any member, officer, agent, or representative thereof, to Defendant or to anyone acting for him or on his behalf, to induce him to enter into this Consent.

3. Defendant, without admitting or denying the allegations of the Complaint, except that he is admitting the allegation as to jurisdiction, hereby voluntarily consents to the entry of this Judgment, in the form annexed hereto and incorporated by reference herein, which, among other

18/1K

things:

(a) permanently restrains and enjoins Defendant from violation of Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a), 77e(c), and 77q(a), Section 10b of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and Sections 206(1) and 206(2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and 80b-6(2);

(b) prohibits Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to filed reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d);

(c) provides for the assessment of disgorgement, prejudgment interest thereon, and a civil penalty pursuant to the provisions therein.

4. Defendant agrees that the attached proposed Judgment, in the form annexed hereto, may be presented by the SEC to the Court for signature and entry, without further notice. Defendant also has read the provisions of the Judgment, agrees to them and further agrees that such provisions shall be incorporated into this Consent.

5. Defendant agrees that this Consent shall be made a part of the attached Judgment to be entered by this Court in this action, and further agrees that this Court shall retain jurisdiction over him for purposes of enforcement of the Judgment.

6. Defendant states that he understands that the Commission cannot and does not confer on him or on any person or entity, immunity from any criminal proceedings against him or other persons or entities for any actions related to or arising from this or any other matter.

7. Defendant states that he understands that the plaintiff, at its sole and exclusive discretion, may refer this matter or any information or evidence gathered in connection therewith, or deriving therefrom to any person or entity, public or private, having criminal, civil, or administrative jurisdiction for action thereby.

8. Defendant understands and agrees to comply with the SEC's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings" (17 C.F.R. §202.5(e)). In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Defendant breaches this agreement, the SEC may petition the Court to vacate the Judgment and restore this case to its active docket. Nothing in this provision affects (i) Defendant's testimonial obligations; or (ii) right to take legal positions in litigation in which the SEC is not a party.

9. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

10. Defendant waives any right he might have to appeal from the entry of the Judgment.

11. Defendant waives service of the Judgment entered herein upon him and agrees that entry of the Judgment by the Court and filing with the Clerk in the Southern District of Florida will constitute notice to him of the terms and conditions of such Judgment.

12. Defendant agrees that he will not oppose the enforcement of the Judgment on the ground that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby

waives any objection based thereon.

13. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996 or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14. Defendant acknowledges and agrees that this proceeding and his Consent are for the purposes of resolving this proceeding only, in conformity with the provisions of 17 C.F.R. § 202.5(f), and do not resolve, affect, or preclude any other proceeding which may be brought against him. Consistent with the provisions of 17 C.F.R. § 202.5(f), Defendant waives any claim of Double Jeopardy based upon the settlement of this action, including the imposition of any remedy or civil penalty herein. Defendant acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative

proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

Approved as to form:

David Feingold, Esq.
Feingold & Kam
3300 PGA Blvd., Suite 410
Palm Beach Gardens, FL 33410
***Counsel for Defendant Darren Silverman***

I, **DARREN SILVERMAN**, having had the benefit of the advice of competent legal counsel, hereby consent to the Court's entry of the foregoing Judgment of Permanent Injunction and Other Relief

Dated: 5/3, 2004

**DARREN SILVERMAN**

STATE OF FLORIDA )
) ss:
COUNTY OF PALM BEACH)

On this 3 day of May, 2004, before me personally appeared **DARREN SILVERMAN** who: ____ is personally known to me or _____ who produced a Fl. license driver's license bearing his name and photograph as identification, and who executed this Consent, and he acknowledged to me that he executed the same.

**Notary Public**

Joanne Z. Chamar
Commission # DD 068555
Expires Dec. 2, 2005
Bonded Thru
Atlantic Bonding Co., Inc.

Commission Expires: